Dear Mr. Mitchell:
On behalf of the Ouachita Parish Police Jury, you have requested an Attorney General's Opinion regarding whether the cost of printing tax notices is an expense that should be borne by the Law Enforcement District or a cost to be allocated among the tax recipient bodies pursuant to La. R.S. 33:4713.
Your request specifically refers to Attorney General Opinion Nos. 05-0048, 02-0263, 82- 661, 77-1088, and 76-1715, which in your view, either explicitly state or strongly indicate that the costs of printing tax notices is an expense that should be borne by the Law Enforcement District. Your request also refers to Attorney General Opinion No. 05-0304, which in your view, analogizes the preparing and printing of tax notices to "necessary equipment" of the Tax Collector and concludes that like equipment and fixtures, the costs of preparing and printing tax notices should be allocated among the tax recipient bodies pursuant to La. R.S. 33:4713.
Your request seeks clarification from this Office regarding whether Attorney General Opinion No. 05-0304 was intended to supersede Attorney General Opinion Nos. 05- 0048, 02-0263, 82-661, 77-1088, and 76-1715, with regards to the costs of printing and preparing tax notices.
After review of the references cited in your request, Attorney General Opinion 05-0304 is recalled insofar as it opines that the police jury shall have the responsibility of providing tax notices including preparation costs.
La.R.S. 33:4713 provides as follows:
 Providing quarters for court and parish officers
 Each parish shall provide and the bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit court and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices, and shall provide such other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefore.
 The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share.
The sheriff, as a result of Act 689 (La.R.S. 33:9001-33:9009), which created law enforcement districts for the purpose of providing financing to the office of the sheriff of each parish, has his own general fund (also called the "salary fund") via a tax levied to replace the sheriff's commission, which was the source of revenue prior to adoption of the act. This fund is governed by La.R.S. 33:1422, which states, in pertinent part:
 § 1422. Expenditures to be made from sheriff's salary fund
 A. A sheriff and ex-officio tax collector shall pay from the sheriff's salary fund, upon warrant drawn by him, all expenses authorized by law which are incurred in the performance of his duties, including, but not restricted to clerical expenses, salary of the sheriff, . . .".
This Office has consistently opined that the costs associated with preparing tax notices and receipts are costs that must be borne by the sheriff's salary fund. See generally Attorney General Opinion No. 05-0048 (stating that La. R.S. 33:4713 does not require parish governing authorities, or tax recipient bodies, to contribute to the sheriffs costs associated with the production of tax notices), Attorney General Opinion No. 93-836 (stating that sheriffs must rely on the levy of their own ad valorem tax for funding of their offices and districts), Op. Atty. Gen. 1914-16, p. 682 (stating that if sheriff employed another to prepare notices, blanks, bonds, etc., or he has them printed, the expense must be borne by him), Op. Atty. Gen. 1940-42, p. 4333 (stating the cost of printing tax receipts should be borne by the sheriff's salary fund rather than by the police jury), Op. Atty. Gen. 1940-42, p. 3814 (stating the expense of stationery of all kinds and printing forms used by sheriff and ex-officio tax collector is payable out of sheriff's salary fund), Op. Atty.Gen. 1938-40, p. 1014 (stating that the cash book used in sheriff's office to record collection of taxes should be paid for by the sheriff and ex officio tax collector out of the sheriff's salary fund), Op. Atty. Gen. 1932-34, p. 668 (stating that the expense of having tax receipts made is borne by sheriff's salary and expense fund), Op. Atty. Gen. 1936-38, p. 897 (stating that the expense of printing and furnishing tax receipts for use in collection of taxes by sheriffs and ex officio tax collectors were to be paid for out of the expense allowance provided for sheriffs and not under Acts 1880, No. 111).
Attorney General Opinion No. 05-0304 failed to consider La.R.S.33:1422. It is the opinion of this office, that La. R.S. 33:1422
requires the sheriff to fund the costs associated with the collection of ad valorem taxes solely through the various law enforcement district millages authorized in Act 689.
We trust this adequately responds to your request.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
CCF, JR/MJV/crt